UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:17-cv-00220-FDW

| | |
|---|---|
| ROBERT ANTHONY DOUGLAS WALDRUP, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>ERIK A. HOOKS,[1] )<br>)<br>Respondent. )<br>) | **ORDER** |

**THIS MATTER** is before the Court upon Petitioner Robert Anthony Douglas Waldrup's pro se Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254. (Doc. No. 1.)

I.     **BACKGROUND**

Petitioner is a prisoner of the State of North Carolina, who, according to his habeas Petition, pled guilty in Lincoln County Superior Court on September 1, 2016, to two counts of statutory rape of a 13, 14, or 15 year-old child by a defendant who is at least six years older, in violation of N.C. Gen. Stat. § 14-27.7A(a) (2015) (codified as N.C. Gen. Stat. § 14-27.25(a) (2015) effective Dec. 1, 2015), and one count of sexual offense of a 13, 14, or 15 year-old child by a defendant who is at least six years older, in violation of § 14-27.7A(a) (2015) (codified as N.C. Gen. Stat. § 14-27.30(a) (2015) effective Dec. 1, 2015). (§ 2254 Pet. 1, Doc. No. 1.) In accordance with the plea agreement between Petitioner and the State, the trial court sentenced

---

[1] Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires that a petition for writ of habeas corpus name the person who has immediate custody of the petitioner as the respondent in the action. Rule 2(a), 28 U.S.C. folio § 2254; see also Rumsfeld v. Padilla, 542 U.S. 426, 434–47 (2004) (stating the writ should be directed to the "person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge."). Erik A. Hooks, Secretary of the North Carolina Department of Public Safety, is the proper respondent in this habeas action.

1

Petitioner to 144-233 months imprisonment, which was at the low end of the mitigated range.[2] Petitioner did not file a direct appeal. (§ 2254 Pet. 2.)

Petitioner filed a motion for appropriate relief ("MAR") with the trial court on March 20, 2017; it was denied on March 28, 2017. (§ 2254 Pet. 2, 6.) His petition for writ of certiorari seeking review of the trial court's order was denied by the North Carolina Court of Appeals on May 19, 2917. (§ 2254 Pet. 8.)

Thereafter, Petitioner filed an appeal in the North Carolina Supreme Court, which was dismissed on August 17, 2017. State v. Waldrup, NO. 189P17-1, 803 S.E.2d 163 (N.C. Aug. 17, 2017) (Mem). He filed a petition for writ of certiorari in the North Carolina Supreme Court on September 1, 2017; it was dismissed on November 1, 2017. State v. Waldrup, NO. NO. 189P17-2 805 S.E.2d 692 (N.C. Nov. 1, 2017) (Mem).

Petitioner filed the instant habeas Petition on November 28, 2017.[3] (§ 2254 Pet. 14.) He raises the following grounds for relief: (1) Petitioner was compelled to be a witness against himself when the trial court denied his motion to suppress his videotaped confession; (2) Petitioner's guilty plea was not voluntary, knowing, or intelligent due to trial court coercion and violation of Rule 11 of the Federal Rules of Criminal Procedure; (3) Petitioner's guilty plea was not voluntary, knowing, or intelligent due to counsel's ineffectiveness; and (4) trial counsel was ineffective for failing to preserve the suppression issue for appeal. (§ 2254 Pet. 5-8.)

## II. STANDARD OF REVIEW

---

[2] See Order Den. Mot. for Appropriate Relief, attached to Pet. for Writ of Cert., State v. Waldrup, NO. P17-295 (N.C. Ct. App. filed May 3, 2017), Doc. No. 1, available at the North Carolina Supreme Court and Court of Appeals Electronic Filing Site and Document Library, https://www.ncappellatecourts.org.

[3] See Houston v. Lack, 487 U.S. 266, 267 (1988).

2

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which directs district courts to dismiss habeas petitions when it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. Rule 4, 28 U.S.C.A. foll. § 2254. In conducting its review under Rule 4, the court "has the power to raise affirmative defenses sua sponte," including a statute of limitations defense under 28 U.S.C. § 2244(d). Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). The court may dismiss a petition as untimely under Rule 4, however, only if it is clear that the petition is untimely, and the petitioner had notice of the statute of limitations and addressed the issue. Id. at 706–707.

### III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 imposes a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). As a general rule, the petition must be filed within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[4] § 2244(d)(1)(A). The limitations period is tolled during the pendency of a properly filed state post-conviction action. 28 U.S.C. § 2244(d)(2).

Petitioner's judgment was entered on September 1, 2016, when he was sentenced. To the extent he retained the right to a direct appeal subsequent to his guilty plea, Petitioner had 14 days to file notice of appeal in the North Carolina Court of Appeals. See N.C. R. App. P. 4(a)(2). Because he did not file a direct appeal, Petitioner's judgments became final on or about September 15, 2016, when the time for filing an appeal expired. See § 2244(d)(1)(A).

---

[4] There are three alternate start dates for the statute of limitations, which apply only under specific circumstances. See § 2244(d)(1)(B)-(D). Based upon the nature of the claims raised, none of the alternate start dates apply here.

The statute of limitations then ran until March 20, 2017 (187 days), when Petitioner filed his MAR. The limitations period was tolled until May 19, 2017, when the North Carolina Court of Appeals denied Petitioner's petition for writ of certiorari. The statute of limitations resumed and ran for another 178 days, until it fully expired on or about November 13, 2017, fifteen days before Petitioner filed the instant habeas Petition.

The statute of limitations was not tolled while Petitioner's appeal and certiorari petition were pending in the North Carolina Supreme Court. Only a "properly filed" application for state post-conviction relief will toll the statute of limitations. See § 2244(d)(2). "Decisions of the Court of Appeals upon review of motions for appropriate relief . . . are final and not subject to further review in the Supreme Court by appeal, motion, certification, writ, or otherwise." N.C. Gen. Stat. § 7a-28(a)); see also N.C. R. App. P. 21(e) (providing that certiorari petitions seeking review of MARs in non-capital cases "shall be filed with the Court of Appeals and the Supreme Court will not entertain petitions for certiorari or petitions for further discretionary review in these cases"). Because Petitioner was not entitled to review in the North Carolina Supreme Court of either his MAR or the Court of Appeals' denial of his certiorari petition, see id., his pleadings in that court were not "properly filed" applications for state post-conviction review and did not toll the statute of limitations, see § 2244(d)(2).

The Petition was filed after the statute of limitations expired and, therefore, is time-barred under § 2244(d)(1)(A) unless Petitioner can demonstrate that equitable tolling should apply. Equitable tolling of the statute of limitations is available only when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). Under Fourth Circuit precedent, equitable tolling is

4

appropriate in those "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)) (internal quotation marks omitted).

According to Petitioner, his habeas petition was filed outside the one-year statute of limitations because the filing process, including copying and having documents notarized, is time-consuming within the confines of prison. (§ 2254 Pet. ¶ 18.) Petitioner also asserts that he spent "alot of time trying to get [his] trial transcript" so that he could submit it with his filings in the North Carolina Supreme Court. (§ 2254 Pet. ¶ 18.)

All prisoners face limited access to resources that would be readily available outside of incarceration. Consequently, Petitioner's experiences with copying, notarizing, and obtaining legal documents are not "extraordinary" for equitable tolling purposes. See e.g. United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) ("[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling."); Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir. 2003) ("[E]ven in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted.").

### IV.    CONCLUSION

The Petition for Writ of Habeas Corpus is untimely, see § 2244(d)(1)(A), and Petitioner has not demonstrated that he is entitled to equitable tolling of the statute of limitations. Accordingly, the habeas Petition shall be dismissed.

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) is **DISMISSED** as untimely under 28 U.S.C. § 2244(d)(1)(A);

2. The Clerk of Court is directed to substitute Erik A. Hooks for "State of North Carolina" as the respondent in this action; and

3. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: December 21, 2017

Frank D. Whitney
Chief United States District Judge